**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| CHARLES MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-192 |
| | § | |
| NOBLE DRILLING SERVICES. INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## JURY CHARGE

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only

arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

The term "Plaintiff" refers to Charles Miller.

The terms "Defendant" and "Noble" refer to Noble Services International, Ltd.

**A. Burden of Proof**

Except as otherwise instructed, Plaintiff has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**B. Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**C. Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

**D. The Applicable Law**

Plaintiff is asserting three separate claims against Defendant.

Plaintiff's first claim, under the federal law known as the Jones Act, is that his employer, Defendant, was negligent, and that this negligence was a cause of Plaintiff's

injuries. Plaintiff's second claim is that unseaworthiness of a vessel caused his injuries. Plaintiff's third claim is for what is called maintenance and cure.

You must consider each of these claims separately. Plaintiff is not required to prove all of these claims. He may recover if he proves any one of them. However, he may recover only those damages or benefits the law provides for the claims that he proves, and he may not recover the same damages or benefits more than once.

**a. Jones Act—Negligence**

Under the Jones Act, Plaintiff must prove that his employer was negligent. Negligence is doing an act that a reasonably prudent person would not do, or failing to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that anyone was negligent or that anyone's negligence caused the accident.

In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any breach of duty that an employer owes to its employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or in part, of injury to a seaman employee, then you must find that the employer is liable under the Jones Act. In other words, under the Jones Act, Defendant bears the responsibility for any negligence that played a part, however slight, in causing Plaintiff's injury.

Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Employers of seamen have a duty to provide their employees with a reasonably safe place to work. If you find that Plaintiff was injured because Defendant failed to furnish him with a reasonably safe place to work, and that Plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that Defendant was negligent.

The fact that Defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether Defendant was negligent or not.

You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice had been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. A long-accepted practice may be an unsafe practice. A practice is not necessarily unsafe or unreasonable, however, merely because it injures someone.

A seaman's employer is legally responsible for the negligence of one of its employees while that employee is acting within the course and scope of his employment.

If you find from a preponderance of the evidence that Defendant assigned Plaintiff to perform a task that Plaintiff was not adequately trained to perform, you must find that Defendant was negligent.

**b. Unseaworthiness**

Plaintiff seeks damages for personal injury that he claims was caused by the unseaworthiness of the *Noble Dave Beard.*

A shipowner owes every member of the crew employed on its vessel the absolute duty to keep and maintain the vessel and all its decks and passageways, appliances, gear, tools, parts and equipment in a seaworthy condition at all times.

A seaworthy vessel is one that is reasonably fit for its intended use. The duty to provide a seaworthy vessel is absolute because the owner may not delegate that duty to anyone. Liability for an unseaworthy condition does not in any way depend on negligence or fault or blame. If an owner does not provide a seaworthy vessel—a vessel that is reasonably fit for its intended use—no amount of care or prudence excuses the owner.

The duty to provide a seaworthy vessel includes the duty to supply an adequate and competent crew. A vessel may be unseaworthy even though it has a numerically adequate crew, if too few persons are assigned to a given task.

However, the vessel owner is not required to furnish an accident-free ship. It need only furnish a vessel and appurtenances that are reasonably fit for the intended use and a crew that is reasonably adequate for the assigned tasks.

The vessel owner is not required to provide the best appliances and equipment, or the finest crews, on its vessel. It is required to provide only gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate.

In summary, if you find that the vessel owner did not provide an adequate crew of sufficient number to perform the tasks required, or if you find that the vessel was in any manner unfit under the law as I have explained it to you and that this was a proximate cause of the injury, a term I will explain to you, then you may find that the vessel was unseaworthy and the vessel owner liable, without considering any negligence on the part of the vessel owner or any of its employees.

However, if you find that the owner had a capable crew, and had appliances and gear that were safe and suitable for their intended use, then the vessel was not unseaworthy and Defendant is not liable to Plaintiff on the claim of unseaworthiness.

**c. Causation**

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury.

In determining causation, different rules apply to the Jones Act claim and to the unseaworthiness claim.

Under the Jones Act, for both the employer's negligence and the seaman's contributory negligence, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part. In other words, under the Jones Act, a defendant and a plaintiff each bear the responsibility for any negligence that played a part, however slight, in causing the plaintiff's injury.

For the unseaworthiness claim, the seaman must show not merely that the unseaworthy condition was a cause of the injury, but that such condition was a proximate cause of the injury. This means that Plaintiff must show that the condition in question was a substantial factor in bringing about or actually causing his injury, and that the injury was either a direct result or a reasonably probable consequence of the condition.

**d. Contributory Negligence**

Defendant contends that Plaintiff was negligent and that Plaintiff's negligence caused or contributed to causing his injury. This is the defense of contributory negligence. Plaintiff's negligence will be considered a cause of the injury if it played a part—no matter how slight—in bringing about his injury. Defendant has the burden of proving that Plaintiff was contributorily negligent. If Plaintiff's negligence contributed to his injury, he may still recover damages, but the amount of his recovery will be reduced by the extent of his contributory negligence.

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education. Under the Jones Act, a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.

If you find that Defendant was negligent or that the vessel was unseaworthy, and that the negligence or unseaworthiness was, respectively, a legal or proximate cause of Plaintiff's injury, but you also find that the accident was due partly to Plaintiff's contributory negligence, then you must determine the percentage Plaintiff's negligence contributed to the accident. You will provide this information by filling in the appropriate blanks in the jury questions. Do not make any reduction in the amount of damages that you award to Plaintiff. It is my job to reduce any damages that you award by any percentage of contributory negligence that you assign to Plaintiff.

**e. Damages**

If you find that Defendant is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Plaintiff's damages. You also will be asked to determine if Defendant is liable for punitive damages. Because the methods of determining punitive damages and compensatory damages differ, I will instruct you separately on punitive damages. The instructions I give you now apply only to your consideration of compensatory damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Plaintiff has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the effect of Plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Plaintiff's earning capacity due to his physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to Plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Plaintiff is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First, you should consider loss after income taxes; that is, you should determine the actual or net income that Plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the Plaintiff only his net

earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Plaintiff if he received the amount today than if he received the same amount in the future. If you decide to award Plaintiff an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk-free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value; instead, you are determining what amount will fairly compensate Plaintiff for his injuries.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his damages, that is, to avoid or to minimize those damages.

If you find Defendant is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage that he could have avoided through reasonable effort. If you find that Defendant has proved by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages that he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Defendant has the burden of proving the damages that Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding

whether Defendant has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

**f. Maintenance and cure**

Plaintiff's third claim is that, as a seaman, he is entitled to recover maintenance and cure. This claim is separate and independent from both the Jones Act and the unseaworthiness claims of the Plaintiff. You must decide this claim separately from your determination of Plaintiff's Jones Act and unseaworthiness claims.

Maintenance and cure provides a seaman who is disabled by injury or illness while in the ship's service with medical care and treatment and the means of maintaining himself while he is recuperating.

Plaintiff is a seaman; therefore, you must determine whether he is entitled to maintenance and cure. When there are ambiguities or doubts about a seaman's right to maintenance and cure, you should resolve those ambiguities or doubts in the seaman's favor.

A seaman is entitled to maintenance and cure even though he was not injured as a result of any negligence on the part of his employer or any unseaworthy condition of the vessel. To recover maintenance and cure, Plaintiff need only show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part. The injury or illness need not be work-related; it need only occur while the seaman is in the ship's service. Maintenance and cure may not be reduced because of any negligence on the seaman's part.

The "cure" to which a seaman may be entitled includes the costs of medical attention, including the services of physicians and nurses as well as hospitalization, medicines and medical apparatus. However, the employer has no duty to provide cure for any period during which a seaman is hospitalized at the employer's expense.

Maintenance is the cost of food, lodging, and transportation to and from a medical facility. A seaman is not entitled to maintenance for any period that he is an inpatient in

any hospital, because the cure provided by the employer through hospitalization includes the seaman's food and lodging.

A seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reaches what is called "maximum cure." Maximum cure is the point at which no further improvement in the seaman's medical condition is reasonably expected. If it appears that a seaman's condition is incurable, or that the treatment will not improve a seaman's physical condition but will only relieve pain, he has reached maximum cure. The obligation to provide maintenance and cure usually ends when qualified medical opinion is to the effect that maximum possible cure has been accomplished.

If you decide that Plaintiff is entitled to maintenance and cure, you must determine when the employer's obligation to pay maintenance began, and when it ends. One factor you may consider in determining when the period ends is when the seaman resumed his employment, if he did so. If, however, the evidence supports a finding that economic necessity forced the seaman to return to work before reaching maximum cure, you may take that finding into consideration in determining when the period for maintenance and cure ends.

If you find that Plaintiff is entitled to an award of damages under either the Jones Act or unseaworthiness claims, and if you award him either lost wages or medical expenses, then you may not award him maintenance and cure for the same period. That is because Plaintiff may not recover twice for the same loss of wages or medical expenses. However, Plaintiff may also be entitled to an award of damages if Defendant failed to pay maintenance and cure when it was due.

A shipowner who has received a claim for maintenance and cure is entitled to investigate the claim. If, after investigating the claim, the shipowner unreasonably rejects it, he is liable for both the maintenance and cure payments he should have made, and for any compensatory damages caused by his unreasonable failure to pay. Compensatory damages may include any aggravation of Plaintiff's condition because of the failure to provide maintenance and cure.

You may award compensatory damages because the shipowner failed to provide maintenance and cure if you find by a preponderance of the evidence that:

1. Plaintiff was entitled to maintenance and cure;

2. it was not provided;

3. Defendant acted unreasonably in failing to provide maintenance and cure; and

4. the failure to provide the maintenance and cure resulted in some injury to Plaintiff.

If you also find that the vessel owner's failure to pay maintenance and cure was not only unreasonable, but was also willful and wanton, that is, with the deliberate intent to do so, you may also award Plaintiff punitive damages and attorney's fees. You may not award these damages unless the vessel owner acted callously or willfully in disregard of the seaman's claim for maintenance and cure. The purpose of an award of punitive damages is to punish a defendant and to deter the defendant and others from such conduct in the future.

A plaintiff may not recover attorney's fees for prosecuting Jones Act or unseaworthiness claims. Instead, fees may be recovered only for prosecuting claims that the vessel owner not only failed to pay maintenance and cure, but did so in willful and wanton disregard of the obligation to do so. You may award such attorney's fees only if you find that the vessel owner acted willfully and wantonly in disregarding the vessel owner's obligation to pay maintenance and cure.

**E. Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that

you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

George C. Hanks Jr.
10/3/17

## QUESTION NUMBER 1

**(a)** Was Noble negligent?

Answer "Yes" or "No": ____________________

If the answer to Question 1(a) is yes, then proceed to Question 1(b).

If the answer to Question 1(a) is no, then proceed to Question 2.

**(b)** Was Noble's negligence the cause, in whole or in part, of injury to Charles Miller?

Answer "Yes" or "No": ____________________

Proceed to Question 2.

## QUESTION NUMBER 2

**(a)** Was the *Noble Dave Beard* unseaworthy?

Answer "Yes" or "No": ________________

If the answer to Question 2(a) is yes, then proceed to Question 2(b).

If the answer to Question 2(a) is no, then proceed to Question 3.

**(b)** Was the *Noble Dave Beard*'s unseaworthy condition a proximate cause of Charles Miller's injuries?

Answer "Yes" or "No": ________________

Proceed to Question 3.

## QUESTION NUMBER 3

**(a)** Was Charles Miller negligent?

Answer "Yes" or "No": ________________

If the answer to Question 3(a) is yes, then proceed to Question 3(b).

If the answer to Question 3(a) is no, then proceed to Question 4.

**(b)** Was Charles Miller's negligence the cause, in whole or in part, of injury to Charles Miller?

Answer "Yes" or "No": ________________

Proceed to Question 4.

## QUESTION NUMBER 4

What percentages of fault, if any, do you find apply to each party whose fault contributed to Charles Miller's injuries, if any? The percentages you find must total 100 percent.

The percentages must be expressed in whole numbers. The percentage of responsibility attributable to a person is not necessarily measured by the number of acts or omissions. Only include a percentage for Noble if you answered "YES" to **BOTH PARTS** of either Question 1 or Question 2. Only include a percentage for Charles Miller if you answered "YES" to **BOTH PARTS** of Question 3.

| | |
|---|---|
| Noble | ______________% |
| Charles Miller | ______________% |
| TOTAL | ______________% |

If you have included a percentage for Noble, then proceed to Question 5. If you have not included a percentage for Noble, then proceed to Question 6.

## QUESTION NUMBER 5

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Charles Miller for the injuries, if any, that resulted from the incident that occurred on or about October 11, 2014?

Answer separately, in dollars and cents, if any.

| | |
|---|---|
| Past medical expenses | ________________ |
| Future medical care | ________________ |
| Income loss in the past | ________________ |
| Impairment of earning capacity in the future | ________________ |
| Physical pain and suffering in the past | ________________ |
| Physical pain and suffering in the future | ________________ |
| Mental anguish in the past | ________________ |
| Mental anguish in the future | ________________ |

## QUESTION NUMBER 6

Does Noble owe unpaid cure to Charles Miller?

Answer "Yes" or "No": ____________________

If the answer to Question 6 is yes, then proceed to Question 7.

If the answer to Question 6 is no, then **do not answer any more questions**.

**QUESTION NUMBER 7**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Charles Miller for unpaid cure?

Answer in dollars and cents, if any.

Cure ____________________

Proceed to Question 8.

## QUESTION NUMBER 8

Did Noble willfully and wantonly disregard its obligation to pay maintenance and cure to Charles Miller?

Answer "Yes" or "No": ____________________

If the answer to Question 8 is yes, then proceed to Question 9.

If the answer to Question 8 is no, then **do not answer any more questions**.

## QUESTION NUMBER 9

What sum of money should be assessed against Noble and awarded to Plaintiff as punitive damages for Noble's willful and wanton disregard of its obligation to pay maintenance and cure to Charles Miller?

Answer in dollars and cents, if any.

Punitive damages ________________